## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| M&I MARSHALL & ILSLEY BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 10-2286-KHV |
| CHARLES HILL, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### MEMORANDUM AND ORDER

M&I Marshall & Ilsley Bank, together with its predecessors in interest (collectively the "Bank"), brings suit against Charles Hill for defaulting on a loan guaranty.[1] This matter comes before the Court on the Bank's <u>Motion For Default Judgment Against Charles Hill And Suggestions In Support</u> (Doc. #6), filed August 26, 2010.

Rule 55, Fed. R. Civ. P., which governs default judgments in federal court, provides a two-step process for a party seeking default judgment. <u>See</u> <u>Williams v. Smithson</u>, 57 F.3d 1081 (Table), 1995 WL 365988, at *1 (10th Cir. June 20, 1995). First, the party seeking default judgment must ask the clerk to enter default against the opposing party for failing to plead or otherwise defend. Fed. R. Civ. P. 55(a). Second, following an entry of default by the clerk, the moving party may apply to the court for a default judgment. Fed. R. Civ. P. 55(b). A default judgment must not differ in kind from, or exceed in amount, what plaintiff demanded in the pleadings. Fed. R. Civ. P. 54(c). The Court may enter default judgment without a hearing unless it is necessary to conduct an

---

[1] The Court has diversity jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the Bank is a citizen of a different state than Mr. Hill (the Bank is a citizen of Wisconsin and Mr. Hill is a citizen of Tennessee). <u>Compl.</u> (Doc. #1) ¶¶ 1, 3, 6.

accounting, determine the amount of damages, establish the truth of any allegation by evidence or investigate any other matter. See Fed. R. Civ. P. 55(b)(2); see also Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 148 (10th Cir. 1985) (where claimed damages are capable of mathematical calculation, court may enter default judgment without a hearing).

On May 17, 2010, plaintiff filed its complaint seeking money damages for defaulting on a guaranty executed in favor of plaintiff. Doc. #6 ¶ 2; see Doc. #1 ¶¶ 5-9, 12-13.[2] Plaintiff served defendant on June 26, 2010. See Summons Returned Executed (Doc. #3). Defendant did not appear or defend, and the Clerk entered default against him on August 3, 2010. Entry Of Default Against Charles Hill (Doc. #5). Defendant has not appeared personally or by a representative and has not responded to plaintiff's complaint. Plaintiff seeks default judgment against defendant in the following amounts:

| | |
|---|---|
| Principal: | $424,677.91 |
| Accrued Interest: | $30,915.75[3] |
| Late Fees: | $9,265.57 |
| Attorneys' Fees & Collection Costs: | $36,056.46[4] |
| **TOTAL:** | **$500,915.70** |

Plaintiff also seeks post-judgment interest at the highest rate permitted by law.

---

[2] Plaintiff's motion for default judgment states that plaintiff filed its complaint on March 17, 2010, but the record indicates that plaintiff filed it on May 17, 2010.

[3] Plaintiff seeks $25,442.29 plus interest after August 17, 2010 at a per diem rate of $94.37, as provided by the guaranty. The date of this order being October 14, 2010, or fifty-eight days after August 17, 2010, plaintiff's request for interest amounts to $30,915.75 [$25,442.29 + (58 days x $94.37) = $30,915.75].

[4] Plaintiff's complaint generically sought costs and attorneys' fees without specifying an amount. Plaintiff specified $36,056.46 in costs and attorneys' fees in its motion for default judgment, and attached affidavits from plaintiff's vice president and counsel supporting plaintiff's request for $36,056.46. See Ex. A, Ex. B attached to Doc. #6.

Plaintiff's request for accrued interest is rather confusing. Plaintiff's complaint sought $41,476.87 in interest, plus interest from and after May 14, 2010 at a per diem rate of $94.37. Doc. #1 ¶ 6. In its motion for default judgment, however, plaintiff seeks only $25,442.29 in interest plus interest from and after August 17, 2010 at a per diem rate of $94.37. Doc. #6 ¶ 11. Plaintiff offers no explanation for reducing the interest amount it seeks. The Court assumes that the lower amount of $25,442.29, plus the $94.37 per diem interest, is the amount which plaintiff seeks. Altogether, plaintiff's request for interest amounts to $30,915.75. See supra note 3.

Plaintiff's complaint does not seek a specific amount of fees and costs, but the motion for default judgment establishes that plaintiff incurred $36,056.46 in attorneys' fees and costs. See Doc. #6 ¶ 11; Affidavit of Andrew W. Muller, Ex. B attached to Doc. #6. Because plaintiff's complaint gave notice of its general intention to seek costs and fees under the guaranty agreement, and later specified the exact amount of costs and fees incurred, plaintiff's request for $36,056.46 in costs and attorneys' fees is granted.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Default Judgment Against Charles Hill And Suggestions In Support (Doc. #6) filed August 26, 2010 be and hereby is **SUSTAINED.**

**IT IS THEREFORE ORDERED** that the Clerk shall enter Default Judgment against Charles Hill pursuant to Rule 55, Fed. R. Civ. P., in the following amount: $500,915.70 plus post-judgment interest at the rate and from the date set forth in 28 U.S.C. § 1961.

Dated this 14th day of October, 2010 at Kansas City, Kansas.

          s/ Kathryn H. Vratil
          Kathryn H. Vratil
          United States District Judge